J. S76007/14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
KEITH JOHNSON, : No. 2020 WDA 2013
:
Appellant :

Appeal from the PCRA Order, November 25, 2013,
in the Court of Common Pleas of Allegheny County
Criminal Division at No. CP-02-CR-0005882-1985

BEFORE: FORD ELLIOTT, P.J.E., PANELLA AND OLSON, JJ.

JUDGMENT ORDER BY FORD ELLIOTT, P.J.E.: **FILED APRIL 06, 2016**

Keith Johnson filed a petition for allowance of appeal from our unpublished judgment order affirming the trial court order denying his second petition brought pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. The Supreme Court of Pennsylvania remanded for further proceedings consistent with ***Montgomery v. Louisiana***, ___ U.S. ___, 136 S.Ct. 718 (2016). We reverse and remand for resentencing.

On May 19, 1985, while 16 years of age, appellant stabbed another teenager to death on the Fort Duquesne Bridge in Pittsburgh. On October 18, 1985, a jury convicted appellant of first-degree murder; and on July 23, 1986, appellant was sentenced to a mandatory sentence of life imprisonment without the possibility of parole.

On December 4, 1987, this court affirmed the judgment of sentence; and on November 2, 1988, our supreme court denied appeal. *Commonwealth v. Johnson*, 536 A.2d 825 (Pa.Super. 1987) (unpublished memorandum), *appeal denied*, 552 A.2d 250 (Pa. 1988). Appellant's first PCRA petition was filed on July 16, 2010, and was denied on March 30, 2011.

Appellant filed the instant PCRA petition on July 16, 2012, within 60 days of the United States Supreme Court's June 25, 2012 decision in *Miller v. Alabama*, ___ U.S. ___, 132 S.Ct. 2455 (2012), which held that it is unconstitutional to sentence individuals who were under 18 years of age at the time of their offense to a mandatory minimum sentence of life imprisonment without the possibility of parole. Appellant's petition invoked the after-recognized constitutional right exception to the time restrictions of the PCRA. *See* 42 Pa.C.S.A. § 9545(b)(1)(iii).

On January 27, 2015, this court held that we did not have jurisdiction to review appellant's petition because our supreme court held that *Miller* did not apply retroactively to persons on collateral review. *Commonwealth v. Cunningham*, 81 A.3d 1 (Pa. 2013). Appellant petitioned our supreme court for an allowance of appeal, which was granted. *See Commonwealth v. Johnson*, 2016 WL 593964 (Pa. 2016). In light of the United States Supreme Court's recent decision in *Montgomery*, the Pennsylvania

Supreme Court remanded this case to this court for further proceedings consistent with **Montgomery** on February 11, 2016.

After the United States Supreme Court's holding in **Montgomery**, **Cunningham**'s tenet that **Miller** cannot be applied retroactively is no longer good law in Pennsylvania. **See Commonwealth v. Secreti**, 2016 WL 513341 (Pa.Super. 2016) (interpreting **Montgomery** as making retroactivity under **Miller** effective as of the date of the **Miller** decision).

Here, the trial court sentenced appellant, who was 16 years old at the time of the offense, to a mandatory sentence of life imprisonment without the possibility of parole. In light of the Supreme Court's recognition in **Miller** that such a sentence violates the Eighth Amendment's prohibition against cruel and unusual punishment, and the Court's recent retroactive application of **Miller** in **Montgomery**, we reverse the trial court's order and remand for resentencing.

Order reversed. Remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/6/2016